UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:14-CV-228-GNS-LLK

CLARENCE S. BERRY                                                                               PLAINTIFF

v.

UNITED STATES DEPARTMENT OF LABOR                                           DEFENDANT

**MEMORANDUM OPINION & ORDER**

Before the Court is the United States' Motion to Dismiss. Fully briefed, the matter is ripe for disposition. Along similar rationale as the Court's previous ruling in *Lanier v. U.S. Department of Labor*, Case No. 5:14-CV-168-GNS (W.D. Ky. Apr. 10, 2015), the Motion to Dismiss (DN 10) is **GRANTED**.

### I.     STATEMENT OF FACTS AND CLAIMS

Plaintiff Clarence S. Berry ("Berry") challenges his denial of benefits under the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA" or "Act"), 42 U.S.C. § 7384, *et seq*. The Department of Labor ("Department") administers the compensation program that statute creates. Berry's father purportedly worked for some period at the Paducah Gaseous Diffusion Plant. According to the complaint, his father was exposed to hazardous substances that ultimately resulted in illness. (Compl. ¶¶ 8-9, DN 1). Berry claims entitlement to compensation and benefits under EEOICPA Part B. (Compl. ¶ 15).

After denying his initial claim, the Department denied his request to re-open the decision on October 28, 2014. (Compl. ¶ 17). Berry seems to concede that judicial review of the initial denial is barred by the applicable statute of limitations. (Resp. to Mot. to Dismiss 5-6, DN 15).

1

He contends, however, that the denial of the request to re-open is entitled to judicial review and is jurisdictionally proper before this Court.

## II.  JURISDICTION

Plaintiff claims federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 7385s-6(a).

## III.  STANDARD

The Department moves to dismiss Berry's complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Attacks on subject matter jurisdiction may be facial, questioning the sufficiency of the basic jurisdictional allegation in the complaint, or factual, questioning the facts underlying that allegation. *Genetek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Courts analyzing facial attacks utilize the same safeguard as that employed in analyzing motions under Rule 12(b)(6), accepting all allegations in the complaint as true. *Id.* Nonetheless, a court need not accept "conclusory allegations or legal conclusions masquerading as factual conclusions . . . ." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (citation omitted). Accepting properly pleaded facts, the Court then determines whether the basis for jurisdiction is sufficient.

## IV.  DISCUSSION

The Department challenges the Court's subject matter jurisdiction to hear Berry's complaint, claiming the original denial is barred based on the statute of limitations and the denial of the request to reopen is exempt from judicial review. Initially, the Court notes that Berry has challenged only the denial of the request to reopen his EEOICPA Part B claim.[1] The Court finds

---

[1] Berry does claim jurisdiction under 28 U.S.C. § 7385s-6(a) in the Complaint. This statute provides for judicial review of EEOICPA Part E claims. *See Lanier v. U.S. Dep't of Labor*, No. 5:14-CV-00168-GNS, 2015 WL 339301, at *2-4 (W.D. Ky. Jan. 23, 2015) (discussing the

2

it unnecessary to address the earlier decisions as they are not raised in the Complaint. In *Lanier v. U.S. Department of Labor*, this Court held that EEOICPA Part B and Part E decisions to reopen were not subject to judicial review because they were not final agency action. The conclusion relied on the traditional rule of administrative law that denials of requests to reopen are not reviewable, and the absence of articulated factors that would demand a departure from the rule. *See Lanier*, 2015 WL 1638495 at *3-4. The Court's opinion has not changed in examining EEOICPA Part B alone.

EEOICPA Part B has no provisions governing judicial review. As such, and unlike Part E, Part B claims are reviewed under the Administrative Procedures Act ("APA"). *Lanier*, 2015 WL 339301 at *2; *see also Gomez v. United States*, 459 F. App'x 701, 704 (10th Cir. 2012). In *Califano v. Sanders*, 430 U.S. 99 (1977), the Supreme Court held "a refusal to reopen is not an agency action for which judicial review is available. The Administrative Procedure Act . . . is not an independent grant of subject-matter jurisdiction." *Gosnell v. Califano*, 625 F.2d 744, 745 (6th Cir. 1980). Accordingly, the judicial review sought by Berry must be founded upon an independent basis of jurisdiction.

*Sanders* is not dispositive of jurisdiction here. Under the APA, judicial review is permitted for final agency actions except where prohibited by statute or where "agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a), 704. These provisions of the APA provide a cause of action to the extent they present a federal question. *See Chelsea Cmty. Hosp., SNF v. Mich. Blue Cross Ass'n*, 630 F.2d 1131, 1133 (6th Cir. 1980). The *Sanders* Court found the statute at issue precluded judicial review and, absent a constitutional claim, federal question

---

standard for review of Part E claims and denying discovery). The Complaint, however, claims entitlement only under Part B. (Compl. ¶ 1). Berry's briefs also claim entitlement only under Part B. This ruling assumes Berry is asserting a federal question under the APA, 5 U.S.C. § 704.

jurisdiction under 28 U.S.C. 1331. *Sanders*, 430 U.S. at 104-09. While many of the underlying policies are similar in the EEOICPA context, unlike the Social Security Act at issue in *Sanders*, EEOICPA Part B's total silence on judicial review offers no statutory guidance.

Nonetheless, this Court concludes both tradition and the regulations themselves disqualify Part B denials of requests to reopen from judicial review. The Department's regulations provide for reopening requests and maintain that "[t]he decision whether or not to reopen a claim under this section is solely within the discretion of the Director for Energy Employees Occupational Illness Compensation and is not reviewable." 20 C.F.R. § 30.320(c) (2007). The Department has not argued this particular regulation should be afforded any particular variety of deference, though the regulation appears to have been adopted through the formal notice-and-comment process. *See* 71 Fed. Reg. 78520-01, 78525-56. Even without affording any special weight to the regulations, requests to reopen are not a typical subject for judicial review. "[T]he traditional rule of administrative law [is] that an agency's refusal to reopen a closed case is generally committed to agency discretion by law and therefore exempt from judicial review." *Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 455 (1999) (internal quotation marks omitted) (citation omitted).

Berry makes three unavailing arguments that requests to reopen EEOICPA Part B claims are subject to judicial review. First, he argues he followed the procedures outlined in the regulations in requesting his claim be reopened. (Resp. to Mot. to Dismiss 4-5, DN 15). The Department does not contest that his request was properly filed. Rather, it argues that once a request is properly filed, the Director has the discretion to reopen a claim or not. A denial of such a request, it argues, is not a reviewable decision. (Reply to Mot. to Dismiss 7, DN 16). As the Department implicitly concedes the request was properly filed, this ruling makes the same

assumption. Once a request to reopen is properly filed, only "[i]f the Director [for Energy Employees Occupational Illness Compensation] concludes that the evidence submitted or matter identified in support of the claimant's request is material to the claim" need the file be reopened. (Pl.'s Resp. to Mot. to Dismiss 4 (citing 20 C.F.R. § 30.320)). Omitted from Berry's citation is the subsequent subpart committing the decision to the Director's unreviewable discretion. Accepting that Berry properly filed his request, it does not necessarily follow that the Director must grant that request. The proper filing of his request does not support Berry's position.

Second, Berry argues a presumption favoring judicial review of agency decisions weighs for judicial review of EEOCIPCA Part B denials to reopen. Berry cites to several cases noting this presumption, though none concerning requests to reopen.[2] Even assuming the presumption applies generally to requests to reopen, "the *Sanders* decision suggests that the presumption does not apply to administrative proceedings not required by statute that expand a claimant's opportunity for administrative review beyond statutory requirements that, in themselves, provide adequate opportunities for judicial review." *Your Home Visiting Nurse Servs., Inc. v. Sec'y of Health & Human Servs.*, 132 F.3d 1135 (6th Cir. 1997), *aff'd sub nom.*, *Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449 (1999). EEOICPA Part B contains no provisions providing for judicial review. The EEOICPA Part B administrative adjudicatory process is thus extra-statutory, and the presumption of judicial review is not properly applied.

Finally, Berry argues *Kucana v. Holder*, 558 U.S. 233 (2010), supports judicial review of requests to reopen EEOICPA Part B claims. In *Kucana*, the Supreme Court reviewed the denial

---

[2] Plaintiff cites *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479 (1991) (judicial review of procedures under Immigration and Nationality Act not precluded by that statute); *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967), *abrogated by Sanders*, 430 U.S. at 105 (pre-enforcement review of agency regulations permissible); and *Reno v. Catholic Social Services, Inc.*, 509 U.S. 43 (1993) (challenging immigration regulations in class action suit).

of a request to reopen asylum proceedings. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") grants a statutory right to reopening proceedings but limits judicial review of the Executive's discretion "under this subpart." *Id*. at 239 (quoting 8 U.S.C. § 1252(a)(2)). Discretion over this statutory reopening right, however, was granted to the agency by regulation rather than by statute. "Congress pared back judicial review in IIRIRA, [but] it did not delegate to the Executive the authority to do so." *Id*. at 253. The Court found jurisdiction for judicial review of the request to reopen because the agency could not simultaneously grant itself discretion over a statutorily created right and the discretion's exemption from judicial review.

Berry glosses over the significant differences between a statutory right to reopen and the regulatory one at issue here. *Kucana* suggests that a statutory right administered by an agency is subject to judicial review, absent explicit preclusion. Without a statutory right, that suggestion does not apply. The Court's holding was merely that the statute at issue did not contain the clear and convincing evidence needed to preclude review of the rights IIRIRA grants.

> Any lingering doubt about § 1252(a)(2)(B)(ii)'s proper interpretation would be dispelled by a familiar statutory construction principle: the presumption favoring judicial review of administrative action. . . . Because this presumption is well-settled, the Court assumes that Congress legislates with knowledge of the presumption. It therefore takes clear and convincing evidence to dislodge the presumption. There is no such evidence here.

*Id*. at 251-52 (internal citations omitted) (internal quotation marks omitted). The right to reopen EEOICPA claims was created by regulation, not Congress. Thus Congress's silence as to judicial review is unsurprising.

This Court reads the *Kucana* decision in the specific statutory and historical context in which that case presented. *Kucana* noted the lengthy history of federal court review of denials of requests to reopen immigration proceedings, *Id.* at 242 ("back to at least 1916"), including its

6

own opinions. *Id.* The historical, contextual, and statutory factors that guided the Court in *Kucana* are not present in EEOICPA claims. Further, the *Kucana* Court's analysis focused on the specific statutory language proscribing judicial review of certain other agency decisions under the statute. *Id.* at 243-53. Without a statute providing a plaintiff procedural rights or limiting judicial review, *Kucana* offers little guidance here. This conclusion parallels the Sixth Circuit's holding in *Your Home Visiting Nurse Services, Inc.* that no presumption of judicial review is warranted when an agency has created adjudicatory procedures beyond that required in the governing statute. *Your Home Visiting Nurse Srvs., Inc.*, 123 F.3d at 1140. In *Your Home Visiting Nurse Servs., Inc.*, the court deferred to the agency's interpretation of jurisdiction in finding that none existed. That same conclusion, even absent heightened deference, is warranted here.

### V. CONCLUSION

For the foregoing reasons, the Court concludes that denials of request to reopen EEOICPA Part B claims are not judicially reviewable. Accordingly, the Department's Motion to Dismiss (DN 10) is **GRANTED.**

Greg N. Stivers, Judge
United States District Court

June 8, 2015

cc: counsel of record