UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-228-GNS-LLK

CLARENCE S. BERRY                                                                                                   PLAINTIFF

v.

UNITED STATES DEPARTMENT OF LABOR                                                          DEFENDANT

**MEMORANDUM OPINION & ORDER**

Before the Court is the Motion to Alter or Amend the Court's June 8, 2015, Memorandum Opinion and Order filed by Plaintiff Clarence S. Berry ("Berry") (DN 18). Fully briefed, the matter is ripe for disposition. Along similar rationale as the Court's previous Order granting the United States Department of Labor's ("DOL") Motion to Dismiss (Order, DN 17), the Motion to Alter or Amend is **DENIED**.

**I.    BACKGROUND**

Berry challenges his denial of benefits under the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA" or "Act"), 42 U.S.C. § 7384, *et seq*. The Department of Labor ("Department") administers the compensation program that the statute creates. Berry's father purportedly worked for some period at the Paducah Gaseous Diffusion Plant. According to the complaint, his father was exposed to hazardous substances that ultimately resulted in illness. (Compl. ¶¶ 8-9, DN 1). Berry claims entitlement to compensation and benefits under EEOICPA Part B. (Compl. ¶ 15).

After denying his initial claim, the Department denied his request to re-open the decision on October 28, 2014. (Compl. ¶ 17). Berry seems to concede that judicial review of the initial denial is barred by the applicable statute of limitations. (Resp. to Mot. to Dismiss 5-6, DN 15).

He contends, however, that the denial of the request to re-open is entitled to judicial review and is jurisdictionally proper before this Court.

## II. JURISDICTION

Berry claims federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 7385s-6(a).

## III. STANDARD OF REVIEW

Motions to alter or amend judgments are typically granted "for one of three reasons: (1) [a]n intervening change of controlling law; (2) [e]vidence not previously available has become available; or (3) [i]t is necessary to correct a clear error of law or prevent manifest injustice." *W. Ky. Royalty Tr. v. Armstrong Coal Reserves, Inc.*, No. 4:11-CV-00114-M, 2013 WL 4500189, at *1 (W.D. Ky. 2013) (citation omitted); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to "relitigate issues previously considered or to submit evidence which in the exercise of reasonable diligence, could have been submitted before." *United States v. Abernathy*, No. 08-20103, 2009 WL 55011, at *1 (E.D. Mich. Jan. 7, 2009) (internal quotation marks omitted) (citation omitted); *see also Browning v. Pennerton*, No. 7:08-CV-88-KKC, 2008 WL 4791491, at * 1 (E.D. Ky. Oct. 24, 2008) ("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."); *Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position." (citation omitted)). Rule 59(e) motions to alter or amend "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citation omitted).

## IV.   DISCUSSION

Berry raises few arguments that were not already addressed in this Court's Order granting the DOL's Motion to Dismiss (Order 1-7). Berry spends significant portions of his briefs restyling his initial arguments and citing additional authority to reassert these arguments. This Court declines to significantly readdress the arguments concerning Berry's timely filing of the request to reopen and additional case law (available before the Court's previous ruling) that Berry argues supports judicial review of EEOICPA reopening decisions.

Berry raises only one issue not previously addressed by the Court. Berry argues a change in controlling law mandates reconsideration. Berry's memorandum in support of the motion asserts the ruling is contrary to *Perez v. Mortgage Bankers Ass'n*, 135 S. Ct. 1199 (2015), which was decided after this Court's prior ruling. Berry's motion emphasizes the *Perez* court's explanation of long-established administrative law. (*See* Mot. to Alter or Amend 2, DN 18) ("Rules issued through the notice-and-comment process are often referred to as 'legislative rules' because they have the 'force and effect' of law." *Perez*, 125 S. Ct. at 1204 (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 302-03 (1979)). Berry's argument is not clearly explained, but to the extent he argues the regulations at issue should be afforded deference, he is likely correct. It is unclear, however, how such deference furthers his position. To the extent Berry argues changes in the Department's regulations are invalid because they did not adhere to the notice-and-comment process, *Perez's* holding suggests otherwise.

In either case, this Court's reading of *Perez* does not support Berry's position. The *Perez* Court held that a D.C. Circuit judicial doctrine which forced agencies to reinterpret rules through formal notice-and-comment process was invalid under the Administrative Procedure Act, 5 U.S.C. §§ 500-596. *Id.* at 1207-10. This ruling makes it easier—not more difficult-for agencies

to change their interpretive rules—which works against Berry's position. Berry's reliance upon the basics of administrative law recited in that opinion does not change this. *Perez* is irrelevant to Berry's claims and certainly does not qualify as an intervening change in controlling law.

Furthermore, Berry's arguments regarding judicial review under *Kuchana v. Holder*, 558 U.S. 233 (2010), and the adequacy of Berry's request to reopen have already been fully addressed in the Court's previous order. The Court declines to readdress these arguments. Berry has shown no "intervening change in controlling law" nor a "manifest injustice" which has occurred by the Court's ruling. Thus, the Court denies Berry's motion.

## V.  CONCLUSION

For the foregoing reasons, the Court concludes Clarence S. Berry has presented no grounds to alter or amend an order under Rule 59(e). **IT IS HEREBY ORDERED** that Clarence S. Berry's Motion to Alter or Amend (DN 18) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 29, 2015

cc:   counsel of record